Kimberly Koster for the appellant. Mr. Roger Wilkinson. Can you get as close to the mics as possible? I don't want to make you uncomfortable, but the sounds like hearing very well. Is this better your honor? No better. Yeah, okay Good afternoon, and may it please the court Mr. Wilkinson raises seven issues in this appeal and unless this course court has questions I would like to focus my arguments today on the Fourth Amendment violations Focusing on Mr. on the warrant for the search of the residence and the subsequent warrants that authorized the forensic searches of Items that were seized during those searches counsel. I you need to run your case the way you think But I'm gonna have some real trouble getting my arms around agreeing with you on those Are those your best arguments or do you have others that might be more persuasive to the court? I think that those are those most critical ones to Mr. Wilkinson follow your plan I am if the court has interest in any of the other questions. I any of their other issues. I'm more than happy I realized we have some seven issues in this case And my purpose here today is to answer questions that the court has The first search warrant issued in this case allowed the police to enter a private residence date or night Anytime 20 seconds after knocking on the front door The Fourth Amendment does not allow this type of intrusion unless the affidavit Supporting the search warrant rests on two pillars of probable cause if either is lacking the Fourth Amendment will not permit the search The first is that there must be a fair probability That the evidence of crime exists and the second pillar is that there must be a fair probability That the evidence will be found at the location identified in the in the affidavit In this case the affidavit states in paragraph two that quote living at the residence is William is Wilkinson William R Jr. Aka Roger This statement is just a bare conclusion But the very next statement says the atheist belief is based upon the following facts and certain circumstances The affidavit then goes on for some eight pages of facts and circumstances including the course of the investigation The alleged criminal activity and the evidence sought but nowhere in those pages Is there any factual basis offered with which which would show that? Mr. Wilkinson is currently living at that location He was in fact currently living at that location. It was as it turns out it was his yes It was his only and it had been his only residence for years And it had been where his longtime where his girlfriend had lived with the daughter who was abused here It's where the daughter said that the that the criminal activity took place I disagree your honor that is the the daughters that the the HH the granddaughter of the well The the victim in this case the eight-year-old HH. She says that she went and she visited. Mr Wilkinson, but she doesn't say where that was. It was at her. She went to hit to Rogers house She said she said to Rogers house. She said she went to To Rogers right, but her LT LT said which is her mother, right? So LT said that this is where she lived with him when she was when they were boyfriend-girlfriend Respectfully your honor. She does not say anything about the residents where they resided She what she says is that they live together and the dates match up around between 2006 and 2008 Which is five years before this investigation in 2013. She says that she lived with with mr Wilkinson at an unfinished house For and it looks like it's about two and a half years when she gives the age of her daughter when you add up the affidavit Facts, but she doesn't say she doesn't verify an address. She doesn't say where that location is She doesn't say anything other than she moved out when things when she became a comfortable, you know, it's a really it's a really curious argument I have to say in all all the years that I've seen Fourth Amendment questions I've never seen anybody raised this precise question That the police could be faulted for putting down somebody's address where they had habitually lived For a number of years and that it was it violated the Fourth Amendment because they didn't adequately support that that's where they lived I mean I have to say this is do you have a case? You have something that you can that that should guide us on this as to what the police have to put down in order to Prove that somebody lives at the place where the police believe they live and where everybody else believes he lives I mean, this is really not in not in contention It's not it's not like he was down at somebody else's apartment or staying with his cousin or something Well, correct And I think the reason you don't see these cases because always the officers have they say that they did the NIC I check They say that they've run something that a license Didn't the officers say that they that they that they that they knew that he lived there They had reason to believe that he lived there in his subsequent affidavit when they're attempting to get the extrinsic evidence in but certainly not To the magistrate and also I'll point out that this magistrate is not the local magistrate Magistrate Larry Duff and it's extrinsic to this Shown it that is that is that a county or is that the community? Is that the city? It's the name of the city How big is it? I'm not sure about that. But I know that the the magistrate is from is from neighboring Jerome Which is a different city in a different county that magistrate doesn't even preside in in the county Where this event happens? Well, let's say that say that's all true as I read it the affidavit includes statements by the victim HH her mother LT and her grandfather And that they lived previously with what could send at that address. I mean, isn't that alone? Enough to provide probable cause except they don't they do not state respectfully your honor that they lived at that address They said what says is that what the affidavit establishes is that the grandfather comes in and he's concerned about his Granddaughter, he says that for a period of two between 2006 and 2008 Mr. Wilkinson the granddaughter and his daughter live at an address and that's all he says. There's nothing that says this is mr Wilkinson's longtime address. There's nothing that says it wasn't her house to start with. Nobody knows whose home that is. It's a residence We know that it's unfinished. There's bare stud walls. That's all that we know from this two-year period We don't know what mr. Wilkinson was doing before or after that whether it was rented or owned It's still pretty remarkable because this is the only place lived. I mean, there's no I Suspect that this is that nobody commented on this because nobody thought they had to comment on this Because this is where will this is where Wilkinson had been found This is where he was the only place where he'd been living. It wasn't like he'd ever moved around This this is the only place where Wilkinson was known to live. Why well, you know that now We know that now your honor and that's that's in hindsight but this there's the Fourth Amendment what we have is an affidavit and we have to look within the four corners of the affidavit for the search of a residence It's not only has to be evidence There not only has to be probable cause to believe that there's a crime committed and there will be evidence found in a resident It's got to be that it's got to be the residence of the suspect or the person who is doing that there has to be A reason to look at that residence people are mobile. This is five years old with respect. I share my colleagues. Yeah, I find it remarkable I I've never seen a situation where someone has challenged this replete an affidavit And there's some question about whether they have the right to go to that property I mean there are a lot more skinny ones than that that have been upheld by this court and this courts pretty vigilant about the Haven't found those cases where they found skinnier evidence about about a residence on the cases and of course they come up in the case of probationers the Granbury cases and that's when But there is a question and that's pretty clear from the jurisprudence that there needs to be probable cause that the person if there's a suspect Things are supposed to be found at their home that there needs to be a base a basis In fact council believes their cases that I can think of that. I have seen And I haven't made I haven't tried a systematic study of all of this But the cases that I've seen where this has come up is when somebody's been moving around somebody staying with a girlfriend and then staying With a cousin somebody staying with his mother and then and is there for a month or two and is unemployed and and so we have We have to have to sort of figure out where somebody is and why we want to go to that particular place This has just never been in question. The guy built the house. This is where he lived with the girlfriend This is where this is where he takes HH And nobody nobody seemed to question it I'm just wondering why why why now we would we would get to you know, call the whole thing off Because because because nobody, you know put the nail in the coffin so to speak on this one Well, your honor respectfully that those facts that you're talking about or are not in the affidavit in this case There simply are not there. But what facts do you want? You want the tax records? Well, I'm the the extrinsic evidence that the officer had he could have put and probably in hindsight Wish he would have put the fact that he ran the NIC I checked the fact that he did a In these other cases that we look at we have some information the officer ran the check and this officer did do that He didn't say everybody knows. I don't need to run a check He runs the checks and we find out after the fact Under the case law though. Can't we draw reasonable inferences from the totality of the evidence here of the evidence that's in there but there's no and and as What appears to be happening? Is that? All of the evidence that came out maybe at trial or in the subsequent affidavit that everybody knows that officer Gregory's Statements that he's known to law enforcement. We know he's what a rascal something like that We everybody knows it's that's it's got to be in the affidavit. It can't be what this individual officer knows It can't be the check that that he ran afterwards. This is not that much different In fact, if there's less evidence than you had in Underwood, you could make the same arguments Well, wasn't there a federal warrant out there weren't all these facts known to all the officers there It needs to be attached to the application that supporting the search warrant for the home. It has to be there your honor If the court blesses this kind and this as it turns out just like in many cases Well, the evidence is there this was you know, always this person's all the time That's not that's after the fact justification in the Fourth Amendment just doesn't allow for that This is exactly the situation here and I think what we're talking about the exclusionary will do we let it slide do we let the officers Extrinsic evidence that everybody knew this we all knew who he was. This is a small town and I don't know everybody knows Where mr. Wilkinson lived? We don't know that this is the house that he built. There's nothing that says it's a house that he built anywhere in there It's an unfinished house. We don't know that it belongs to the grandfather. We don't know whose house this is We know it's an unfinished house It doesn't say that the that that Lindsay moved in that she and her daughter moved in with mr. Wilkinson it says they lived there They lived even if even if we agree with you on that point Can't we don't we just jump here to the good-faith exception? We do not we do not this is a bear What that what it is apparent from the affidavit that the magistrate did was was look at officer Gregory's statement Which is a conclusion and the government agrees on that they look at the statement This is where the defendant resides currently residing or he's residing at this location and he is done and just is maybe trusting the officer But it's a bare conclusion. There is nothing supporting that the fact that the officer ran officers got the address How the officer got the address? Yeah, I do not know. He ran a license check He probably did that that's not included in the affidavit and we're this we're looking at the four corners of this affidavit And this is important because this is so what so what precisely does the affidavit say about the address? The only reference to the affidavit is from the grandfather and he says this he says He says Stephen advised that in 2006 to 2008 Lindsey and HH had been living with Roger at the address in Shoshone, Idaho That's it that year. She does it. He doesn't say he moved in with her. He was building a home. It's his home It's his handiwork We don't know who lived there or they were going to start their family together and things didn't work out 2008 everything crashes. We don't know what there's nothing in the affidavit that supports the search warrant that says Where what happened to mr. Wilkinson afterwards she moves out Lindsay moves out of the home With her daughter and we don't know what the grandfather is talking about in this case is the relationship He wants to tell the story of his daughter's relationship But the but the but the affidavit and the affidavit has an address on it I mean the request right right and does it does it state what the basis is? It does not it has the the investigation and the line that I read to you Stephen advised in 2006 to 2008 Lindsey and HH had been living with Roger at the address in Shoshone, Idaho. That's it and That is just a that's the only evidence it's five years old your honor. It's a five-year-old address It could be my address here. It could be anyone could have lived there afterwards We don't know what happened to that property and the months later or visitation. They talk about the visitation starting later Months later. We don't know what happened to mr. Wilkinson because no one was concerned about that then when mr. Tang I'm looking at the affidavit of sergeant Gregory and the second line Well, there's some pictures of the place first of all and then they're following lines Following person is living at the residence is Wilkinson Wilkinson our junior aka Roger Craig. So that's a direct statement that he's living there There's a restatement your honor. Yeah, I'm sorry and opposition is and the government agrees that there's no factual basis to support that statement But I mean again, this is the totality and what we can draw in terms of inferences and then you go along here And you find that the various people that we talked about before say that's where it was and You could draw the inference from what they said That that's the correct address and respectfully your honor Nobody in this affidavit and go backwards and forwards as this address this five-year-old address. We went back to the place It's five years old. There are and a couple of things. Wait a minute. Wait a minute. It says here page 173 And he says she lived with Roger for about two years when when HH was about 18 months old Lindy stated that the house was unfinished There was no sheetrock up for the wall so you could see from room to room Lindsay noticed and so on So again, it talks about the unfinished house, basically and Looking for more would identify the property here You Anyway, I take your point I don't agree with it, but I take your point respectfully your honor It's you can't find it because it's just not there. It's not Perhaps I think what happened is there's a conclusory allegation It says it just the same thing that the district court did Say well, it says what it says he lives there and then the officer says it that this is where he's living in this paragraph Two and this is where the abuse was taking place, but that's a leap the abuse takes place at mr. Wilkins with when she is visiting Mr. Wilkinson, but there's a gap. We don't know where mr. Wilkinson is living. The address information is five years old We know after the fact that the officer he doesn't rely on that He goes and he does whatever you officer probably ought to do is he does a check on that and he has personal information But the law is crystal clear. It's the four corners of the affidavit. That's what we're looking at There there isn't the case of Underwood the officer in that case He had the federal affidavit. He had the federal the affidavit in the federal case. He had that he took bits and pieces of it But this court held that's not sufficient the magistrate him or herself has to have the facts In front of that person from which they can make those inferences. It can't be based on on Essentially trust or that this officer is from this county He doesn't he could say he could have put any of those items in the affidavit and that would have been sufficient I wouldn't be making this point if he would have told council you've exceeded your time. You're over time I'm gonna allow you one minute for rebuttal Let's hear from the government You Thank you and may it please the court Justin Watcott appearing for the United States and I was trial counsel in this matter The only Reasonable inference that's required to get to probable cause on that affidavit Is that the two informants that officer Gregory spoke with? St and lt knew where the defendant lived in the information the factual information In that affidavit makes it clear That they knew where he lived and your honor asked Well, where did sergeant Gregory get the address the affidavit indicates that ST the grandfather? Gave it to him and said this was the location Where they had previously resided the mother and the victim with the defendant and Then went on to explain that the victim Continued to have visitation at the defendants residence after the mother moved out The affidavit was preceded by photographs of the place Was was the data company the affidavit at the time? It was presented to the opportunity a judge it did your honor Okay, so The fact that the pictures were there Goes to with what the grandfather said to provide certainly a reasonable inference that they knew what property they were talking about, right? yes, your honor and When the court weighs the inference by the magistrate judge in deciding probable cause the Ornelas versus United States the Supreme Court says in giving deference to those inferences This court should consider the distinctive features of the community And I believe that's very important in this case because this is a very rural community This is not an apartment building in downtown Seattle this is a home in the middle of fields in a very small community and It's clear from the affidavit large Shoshone is Your honor. I do not know the exact number but having lived in that area. I believe that Shoshone has about two or three thousand residents I can tell this court that Even though the magistrate was from Jerome That is the adjacent county and this is an extremely rural area of Idaho And as your honor pointed out there were photographs of that Residents attached to the search warrant and when you look at the photographs, it's clear. It's a very rural home It's surrounded by fields It has horse stables and that information is important as well because both ST and LT explained that the defendant had animals at his residence for the victim a dog horses and rabbits the type of animals that you would have in a very rural setting and I think your honor kind of hit the nail on the head when he said well Maybe it just didn't occur to them to even put that information there because everybody knew where the defendant lived the victim had continued To have visitation with the defendant even after they had moved out. So it's absolutely reasonable for the magistrate To infer that this statement that he's currently living at the residence is in fact based on the statements of those Informants, is there any evidence in the record that the photographs that preceded the affidavit were viewed by the grandfather in Connection with the preparation. I don't believe that is in the record. You're on it And and to turn to your honors point, which is even if this court Decided that this doesn't meet probable cause which we are certainly arguing that it does but even if it does not This court should not suppress based upon the good faith exception This is clearly not a bare-bones affidavit and counsel made the statement. I haven't come across a skinnier affidavit well, I would point the court to United States versus Hove, which is cited in our brief as an example of what a bare-bones affidavit looks like as It relates to the place to be searched the court in Hove Said that there was no connection to the target of the investigation There was no connection to the crime and the affidavit did not indicate in any way Why it was that officers thought they would find evidence there. That is a significantly different Circumstance than the affidavit that we have here and a bare-bones affidavit is a very high burden for a defendant to meet Because it has to be such that no reasonable officer would believe that probable cause existed It has to be an obvious error and that is not the case here a colorable argument can clearly be made for probable cause both the magistrate found probable cause and the district court in Reviewing the motion to suppress found probable cause so in looking at the potential application of the good faith Exception then the court can consider what the officer did and what he knew The officer had this affidavit reviewed not once but twice by the prosecutor And the prosecutor did not request any additional information about whether There was any additional specific information About the defendant currently living at the residence had the prosecutor asked that Officer Gregory could have given it He had personal knowledge That that is where the defendant lived again very rural area so rural that the officer personally knew where he lived and then the day He got the first report He checked through NCIC To confirm that that was still in fact his residence And we also know that the officer went out to the residence and took photographs and attached them to the search warrant So I would ask this court to affirm the district court's decision denying the motion to suppress on that issue I'm happy to take questions from the panel on any of the other issues raised by the defendant. I Don't think there are any of the questions and I will cede my time. Thank you. Thank you counsel Miss Costa you have time Thank you for the indulgence a couple of issues one is the size of the community It doesn't we're talking about the Fourth Amendment that we haven't we have a Affidavit from an officer who that is a bare conclusion about about where this property is He says that he says that the defendant lives there and I think that that was just accepted with respect to my You may like point. Well what's your response to the government's contention that this would satisfy the good-faith exception if you were right about the Skinniness of the affidavit Well, I don't think that it does. It's it's a it's a bare conclusion. It's there's just just not enough in there We have to know you our homes. We have to have an address. Give me you're not addressing the good Sorry, you're not addressing the good-faith exception You talked about all the things that the officer did to try to get it all squared away and Doesn't that? Fulfill the requirements of the good faith It does not because our contention is this is a bare-bones affidavit and the good-faith exception never Applies to the good faith to to a bare-bones act affidavit This is a bare conclusion as was the case in on a different prong of the different of the pillars of probable cause But as an underwood if you have a bare-bones affidavit It doesn't you know, put the question of Messerschmitt and the prosecutor all the layers Look looking at it And again, we only had one magistrate looking at the residence issue in this case because after that we had proof that you know HHS clothing was there. So that's that's those are when the other Magistrate Ingram was looking at these but um with respect also to the the photographs and being appended I don't I know that the officer says I stapled those to the affidavit But the affidavit doesn't incorporate those by reference. The affidavit is incorporating different items And those are the drawings that HH did during her. Are you are you denying that the photographs were attached? They don't appear to be I don't I think these are incredibly sloppy and that's the kind of the crux of this Also, these are incredibly incredibly sloppy Affidavits and sloppy work and the Fourth Amendment. It can't be a sliding scale depending on if you're in rural, Idaho These these are law enforcements. These are not ordinary citizens. This is law enforcement. The Fourth Amendment is what's between Is what's between police being authorized to come any time day or not on 22nd knock Do you have any evidence that they weren't attached to the affidavit? Well, they don't I believe that they were attached to the warrant because that's the warrant talks about those Well the warrant that's actually issued the affidavit doesn't incorporate those at all You claim they have to be incorporated by reference in order to be valid There's no indication that they're attached at all We have a we have an extrinsic comment, but you know after the fact that I put these in there But they also don't I mean, I don't I looked at these up and down. I don't I mean Maybe I don't have the best pictures but as far as they're being stables, I don't and also this is the place that they want to go search Mr. Wilkinson's belongings. I mean his trucks not there He's not there his Mustang all the vehicles they talk about there's no indicia that he is actually residing at that property at the time These photographs we're not questioning that that's the Shoshone residence that they've got the wrong address We're saying we don't know five years is too long to say he still lives there in our mobile society Thank you. Thank you counsel. We thank both counsel for the argument United States versus Wilkinson is submitted The last case on the oral argument calendar today is French versus Jones
judges: Bybee, M. Smith, Dorsey